UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID L. CLARKE; DARA H. CLARKE;
DAN E. KLEIMAN; SHEILA KLEIMAN;
ALAN REYF; KATHY FOX HAIME;
ERIC FEDER; ELIZABETH FEDER;
DANIEL SAWICKI; ELIZABETH SAWICKI;
RUBIN SALANT REVOCABLE TRUST U/A/D
OCTOBER 20, 2009; TRUST SEVEN HUNDRED
THIRTY; and ISLAND ESTATES
HOMEOWNERS ASSOCIATION, INC.,
    Plaintiffs,

v.

Case No. 15-21954-CIV-GAYLES

TWO ISLANDS DEVELOPMENT CORP.;
NI HOLDINGS, LLC; LAST LOT CORP.; and
CITY OF AVENTURA,
    Defendants,

    and

PRIVÉ DEVELOPERS, LLC and TRUST 75 LT 21,
    Intervenor Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on the Plaintiffs' Motion for Remand to State Court [ECF No. 95]. The Court has reviewed the briefs, the record, and the applicable law. For the reasons that follow, the motion shall be granted.

**I.**    **BACKGROUND**

This litigation regards various development projects. The Plaintiffs are homeowners within Island Estates, a residential subdivision of Miami-Dade County consisting of 22 single-family homes situated on a small island (the "Homeowner Plaintiffs"), and the Island Estates Homeowners Association (the "Homeowners Association,"). Fourth Am. Compl. ¶ 3. The Defendants

1

are Two Islands Development Corp. (Island Estates' developer) and its assignees (NI Holdings, LLC, and Last Lot Corp.), as well as the City of Aventura (the "City"). *Id.* ¶¶ 5-8. The Intervenor Defendant Privé Developers LLC is the developer of a 160-unit condominium project on a second island (referred to as the "North Island"), which is connected by a bridge to Island Estates. *Id.* ¶ 9. And the Intervenor Defendant Trust 75 LT 21 is the owner of the North Island. *Id.* ¶ 10.

The facts regarding the procedural history in this case are not disputed. The Homeowner Plaintiffs originally filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County in August 2014 against Defendants Two Islands Development Corp.; NI Holdings, LLC; and Last Lot Corp. They sought a declaratory judgment regarding the validity of a construction permit the Defendants obtained from the City and the Defendants' legal right to enter onto their properties, as well as an injunction to prevent the Defendants from installing a sidewalk that would work a trespass over their properties. [ECF No. 1 Ex. C-7].

On April 23, 2015, the Homeowner Plaintiffs amended the Complaint to assert additional claims against the City, including federal law claims under 42 U.S.C. § 1983. Second Am. Compl. [ECF No. 1 Ex. B]. The City removed the action to this Court, pursuant to 28 U.S.C. § 1441(a), on May 22, 2015. [ECF No. 1]. The Defendants moved to dismiss the removed Complaint (the Second Amended Complaint). [ECF Nos. 4 & 6]. At a hearing on the motions to dismiss held on September 25, 2015, the Court ruled that the Homeowners Association is a necessary and indispensable party to the action and ordered the Homeowner Plaintiffs to file an amended complaint joining the Homeowners Association as a party. [ECF No. 41]. The Court also found that the Homeowner Plaintiffs did not have standing to challenge the foundation permit issued by the City and that the Homeowner Plaintiffs could not assert claims based on the City's denial of the Homeowner Plaintiffs' demolition permit, but that the Second Amended Complaint sufficiently alleged causes of action in all other respects. *Id.*

The Homeowner Plaintiffs, together with the newly added Homeowners Association, filed a Third Amended Complaint on October 26, 2015. [ECF No. 51]. In response, the Defendants filed two motions to dismiss and a motion to strike. [ECF Nos. 63-65]. Those motions were fully briefed. Before the Court could rule on them, however, the Plaintiffs filed an unopposed motion for leave to amend the complaint on January 22, 2016, seeking to drop the federal claims against the City—the only federal claims in this case. [ECF No. 88]. As the motion was unopposed, this Court granted it, and the Plaintiffs filed the Fourth Amended Complaint on January 29, 2016. The Fourth Amended Complaint seeks a declaratory judgment regarding a sidewalk constructed across the Plaintiffs' properties and regarding whether the City issued a valid permit for construction on the North Island, and alleges claims for continuing trespass, aiding and abetting trespass, unjust enrichment, and conversion. *See* Fourth Am. Compl. ¶¶ 40-67.

The same day the Plaintiffs filed the Fourth Amended Complaint, they also filed the instant motion to remand. In the motion, the Plaintiffs argue that this action should be remanded pursuant to 28 U.S.C. § 1367(c)(3), because all claims over which this Court had original jurisdiction have been dismissed and the remaining claims arise only under Florida law. *See* Pl.'s Mot. at 2-4. They further note that five related cases are pending before Judge Jerald Bagley in Florida's Eleventh Judicial Circuit Court (the judge who presided over this case prior to its removal to this Court) that involve the same legal and factual issues and the same parties.[1] *See* Pl.'s Reply at 3. In their response in opposition, the Defendants[2] argue, in essence, that the Plaintiffs' motion to remand "is nothing more than an attempt to forum shop." Defs.' Opp'n at 2. They contend that the Plaintiffs' arguments in favor of remand are not conclusive and that they face significant prejudice should the case be remanded. *See id.* at 3-5.

---

[1]   *Is. Estates Homeowners Ass'n v. Two Is. Dev. Corp.*, No. 13-35005; *William Is. Prop. Owners Ass'n, Inc. v. City of Aventura*, No. 13-15004; *Cohen v. Feder*, 15-21500; *Two Is. Dev. Corp. v. Clarke*, No. 15-3420; *Two Is. Dev. Corp. v. Clarke*, No. 15-5162.

## II. DISCUSSION

"The doctrine of supplemental jurisdiction . . . permits 'federal courts to decide certain state-law claims involved in cases raising federal questions' when doing so would promote judicial economy and procedural convenience." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015). This doctrine, codified at 28 U.S.C. § 1367, "grants federal courts the power to exercise jurisdiction over claims 'that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Id.* at 531 (quoting 28 U.S.C. § 1367(a)). While Section 1367 "mandates that district courts—at least initially—exercise jurisdiction over those supplemental claims that satisfy the case or controversy requirement," *id.*, district courts have the authority to dismiss state law claims if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction," 28 U.S.C. § 1367(c). *See also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims."). "Once any of these factors is satisfied, the district court possesses the discretion to dismiss supplemental claims and must 'weigh . . . at every stage of the litigation' whether to dismiss the supplemental claims" by considering "judicial economy, convenience, fairness, and comity." *Ameritox*, 803 F.3d at 532 (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). A court may also consider "whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as simply by deleting

---

[2]   Save the City, which does not oppose the motion. [ECF No. 99].

all federal-law claims from the complaint and requesting that the district court remand the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

The Plaintiffs have moved to remand this case pursuant to 28 U.S.C. § 1367(c)(3) because the only claims over which this Court had original jurisdiction (the claims against the City arising under Section 1983) have been dismissed. The Eleventh Circuit has a stated policy in favor of dismissing state law claims under these circumstances. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." (citations omitted)); *accord Cohill*, 484 U.S. at 351 ("When the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). "Both comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). With the unopposed filing of the Fourth Amended Complaint, which resulted in the dismissal of the federal law claims against the City, what remains here are only state law claims that are best addressed by the Circuit Court. *See Pinkert v. Schwade*, No. 11-23324, 2012 WL 3962386, at *2 (S.D. Fla. Sept. 10, 2012) (remanding a case to state court where the plaintiff's amended complaint "consist[ed] entirely of state statutory and common law causes of action that would be more appropriate for a Florida court to resolve").

This litigation is still in its early stages. Although the case has been pending in this Court for approximately nine months, the status of the pleadings is still unsettled. The Defendants have not even answered the Fourth Amended Complaint due to the pendency of a motion to dismiss

and a motion to strike. The Court did previously hold a hearing on the motions to dismiss the Second Amended Complaint but has otherwise not expended a significant amount of judicial labor and time in this case. And although the parties have conducted discovery, no dispositive rulings have been made as to the state law claims in the Fourth Amended Complaint, as the Plaintiffs have reasserted (purportedly supported by additional factual allegations) the claims previously dismissed by this Court for lack of standing. *See* Fourth Am. Compl. ¶ 42 n.1. Thus, remand at this stage of the proceedings would not require the state court to duplicate the efforts of this Court. *See Lake County v. NRG/Recovery Grp, Inc.*, 144 F. Supp. 2d 1316, 1321 (M.D. Fla. 2001).

Addressing the Defendants' argument regarding Plaintiffs' alleged "forum shopping," it is true that "district courts have . . . been instructed to guard against a plaintiff's decision to delete a federal claim solely for the purpose of defeating an otherwise proper removal by the defendant." *Lieu v. Sandy Sansing Cards, Inc.*, No. 07-0345, 2007 WL 4287642, at *2 (N.D. Fla. Dec. 5, 2007) (citing *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990)). However, "[t]here is no 'categorical prohibition' on remanding in these circumstances '*regardless* of whether the plaintiff has attempted to manipulate the forum.'" *Shelley v. City of Headland*, No. 09-0509, 2009 WL 2171898, at *2 (M.D. Ala. July 21, 2009) (emphasis in original) (quoting *Cohill*, 484 U.S. at 357). Moreover, "any concern about manipulation can be addressed by barring [the Plaintiffs] from pursuing any federal law claims on remand." *Roberts v. TJX Cos.*, No. 14-0746, 2015 WL 1062331, at *3 (M.D. Fla. Jan. 23, 2015) (citation and internal punctuation omitted) (citing *Garcia v. Cullen*, No. 12-0650, 2012 WL 1988131, at *2 (M.D. Fla. May 14, 2012), *report and recommendation adopted*, 2012 WL 1986623 (M.D. Fla. June 4, 2012)), *report and recommendation adopted*, 2015 WL 1064765 (M.D. Fla. 2015). In this instance, "a remand to state court would merely effectuate [the Plaintiffs'] original choice of a state forum and, therefore, the traditional aversion of federal courts to forum shopping is not substantially implicated." *Lake County*, 144 F. Supp.

2d at 1321. Further, the typical concerns about forum shopping are negated here as related state law claims are currently being litigated in Florida's Eleventh Judicial Circuit. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) (instructing the district court to reconsider whether it should continue to exercise supplemental jurisdiction over a plaintiff's state law claim where the claims over which it had original jurisdiction had been dismissed, "especially in light of a related case pending in state court").

In sum, the Court has considered the § 1367(c) factors of judicial economy, convenience, fairness, and comity, and concludes that it should exercise its discretion not to retain supplemental jurisdiction over the state law claims alleged in the Fourth Amended Complaint. In such a situation, the correct disposition is remand. Accordingly, it is

**ORDERED AND ADJUDGED** that:

(1) the Plaintiffs' motion to remand [ECF No. 95] is **GRANTED**;

(2) this action is **REMANDED** in its entirety to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County;

(3) the Plaintiffs are barred from asserting a federal cause of action arising from the same set of facts set forth in the Fourth Amended Complaint;

(4) all pending motions are **DENIED** as moot; and

(5) this case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of February, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE